**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MICHAEL JACOBSON** | § | |
| | § | |
| **VS** | § | NO. _____ |
| | § | |
| **CBE GROUP, INC.** | § | **JURY REQUESTED** |

**ORIGINAL COMPLAINT FOR DAMAGES**
**AND REQUEST FOR TRIAL BY JURY**

The Plaintiff MICHAEL JACOBSON complains of CBE GROUP, INC. as follows:

1.      Plaintiff MICHAEL JACOBSON resides in Houston, Harris County, Texas.

2.      The defendant CBE GROUP, INC. ("CBE") is an individual who may be served with summons  through its registered agent for service of process, Corporation Service Company, 211 E. 7th Street, Ste  620, Austin, Texas 78701.

**JURISDICTION OF THE COURT**

3.      This Honorable Court has jurisdiction over this matter based upon **28 U.S.C. § 1331**, in that this dispute involves predominant issues of federal law.  Defendant is liable to Plaintiff pursuant to the provisions of the Fair Credit Reporting Act **(FCRA) 15 U.S.C. § 1681**, et seq. and the Fair Debt Collection Practices Act **(FDCPA) 15 U.S.C. § 1692**, et seq.  Defendant is also liable to Plaintiff pursuant to the laws of Texas and possibly other states, which claims may be brought under the Pendant Jurisdiction of this Court.  Concurrent jurisdiction is provided through any state court of competent jurisdiction.

**TRIAL BY JURY**

4.      The Plaintiff MICHAEL JACOBSON, is entitled to and hereby requests a trial by jury.  U.S. Const. Amend. 7, Fed. R. Civ. Pro. 38.

## REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

5.      Plaintiff requests that this Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against Defendant under federal and state laws.

## REQUEST FOR COSTS OF LITIGATION
## AND ATTORNEYS' FEES

6.      Plaintiff requests that this Court instruct the jury, as the trier of facts, that in addition to an award of damages, and the costs of litigation, Plaintiff also seek an award of their reasonable attorneys' fees incurred by Plaintiffs.   JACOBSON is entitled to attorney's fees pursuant to *FDCPA 1692 and the Texas Debt Collection Act Texas Finance Code §392.403.* All conditions precedent to JACOBSON's recovery have been performed or have occurred and the Defendant has failed and refused to perform pursuant to that demand.

## GENERAL FACTUAL BASIS FOR COMPLAINT

7.      MICHAEL JACOBSON was a member of the US Army in the fall of 2003.  He received orders to move from Ft. Riley, Kansas to Mississippi.  In doing so, he received an ETS (End Time and Service) allotment from the Army to pay to move his mobile home from Ogden, Kansas to Hazelhurst, Missiissippi.  JACOBSON made the move, paid the moving company and submitted his paperwork to the Army.

8.      JACOBSON received an honorable discharge from the Army in 2003.  At no time before or after his discharge was he asked about any balance owing for the move in 2003.

9.      In February 2009, JACOBSON wanted to buy a truck.  He applied to buy a new truck but was denied the credit.   He was told that the Department of Treasury and/or Department of Defense claimed he owed money to the government.  Through many inquiries and followup he learned that the money was claimed for a Transportation Debt.  By August of 2009 he learned that it was likely from the move to Mississippi.  In August he spoke to a

representative of the Army Transportation Department in Ft. Riley, Kansas and faxed copies of his receipts to that department.  They promised to compare his receipts to their records.

10.     Fearing a lack of response, JACOBSON enlisted the aid of Congressman Pete Olson's office.  After many communications, the matter was resolved by the third week of 2009 with a determination that JACOBSON had cleared the claim by submitting sufficient documentation..

11.     On November 12, 2009 and for four successive weeks, JACOBSON's wages were garnished by CBE Group, Inc..

12.     JACOBSON did not receive any communication from CBE Group before the garnishment.

13.     JACOBSON again enlisted the assistance of Congressman Pete Olson's office. They made inquires and forwarded JACOBSON's receipts again and the garnishment was dropped in December.

14.     The inaccurate derogatory information from CBE GROUP damaged JACOBSON by lowering his credit score and costing him additional interest.

## LIABILITY OF CBE GROUP
## Second Count:  FDCPA

15.     At all times relevant to this claim, JACOBSON was a consumer as that term is defined in *FDCPA § 1692a(3)*.

16.     At all times relevant to this claim, CBE GROUP. was a debt collector as that term is defined in *FDCPA § 1692a(6)*.

### Failure to Send Validation Notice

17.     At no time did CBE GROUP send the notice required by *15 U.S.C. § 1692g(a)* advising Mr. JACOBSON of his right to dispute the debt.

### Failure to Send Garnishment Notice

18.     At no time did CBE GROUP send the notice required by 31 *CFR. § 285.11(e)* advising Mr. JACOBSON of the intent to garnish his wages.

### Failure to Send Debt Collector Notice

19.     At no time did CBE GROUP send the notice required by *15 U.S.C. § 1692e(11)* advising Mr. JACOBSON  that CBE GROUP was a debt collector.

### False Representation of Debt

20.     CBE GROUP falsely represented to JACOBSON's employer that a debt was due and owing and that a garnishment was appropriate when it there was no debt and no garnishment was justified. *FDCPA § 1692e and 1692e(2) and 1692e(8).*

### Third Count:  Texas Debt Collection Act

21.     At all times relevant to this claim, JACOBSON was a consumer as that term is defined in *TDCA § 392.001(1)* and his alleged debt was a consumer debt as that term is defined in *TDCA § 392.001(2).*

22.     At all times relevant to this claim, CBE GROUP. was a debt collector as that term is defined in *TDCA § 392.001(6).*

23.     At all times relevant to this claim, CBE GROUP was a third-party debt collector as that term is defined in the *TDCA § 392.001(7).*

24.     By representing that Mr. JACOBSON was liable for the debt in question when he was not, CBE GROUP violated *TDCA § 392.304(8)* which prohibits misrepresentation of the character, extent, or amount of a consumer debt.

### Damages

25.     The unlawful conduct alleged above has caused, and been a producing cause of, actual damages to Mr. JACOBSON, including but not limited to damages for mental anguish and injury to his credit reputation.

### Injunction; Private Attorney General

26.     JACOBSON is entitled to an injunction prohibiting further violations of the TDCA and meets all of the requirements of equity and the TDCA for the issuance of a preliminary and permanent injunction against those violations as a private attorney general on behalf of all others similarly situated.

WHEREFORE, PLAINTIFF MICHAEL JACOBSON PRAYS after all due proceedings are had, there be Judgment herein in favor of Plaintiff and against Defendant CBE GROUP, for all reasonable damages sustained by Plaintiff, including, but not limited to, compensatory damages associated with the costs of being denied credit, the costs incurred in repairing his credit history, out-of-pocket expenses, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal safety and security and for punitive damages, attorney's fees, court costs and such other and further relief to which the Plaintiff may show herself to be entitled.

Respectfully Submitted,

_____

**MARK L. ASCHERMANN**
**Attorney for Plaintiff**
**SBN #01368700**
**Federal ID No. 4085**
6300 West Loop South, Ste. 341
Bellaire, Texas 77401
(713) 942-0808 (713) 942-0449 FAX